[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband, by writ, summons and complaint, dated November 15, 1991, brings this action for dissolution of marriage.
The plaintiff, John H. Bradin and the defendant, Anne D. Bradin, whose maiden name was Anne Matheson DeBosque, intermarried on May 23, 1980 in Old Saybrook, Conn. Both parties have resided continuously in the State of CT Page 8936 Connecticut for at least one year prior to the date of this complaint. There are no minor children issue of the marriage. No other children have been born to the parties since the date of the marriage.
This marriage is the second for the plaintiff whose first marriage terminated in divorce in 1975. The defendant had been previously married twice, the first in February of 1970, the second in July of 1976, each of which ended by divorce after approximately two years.
In May, 1980, at the time of this marriage, the plaintiff had custody of his then two minor children, Jessie, born January 20, 1971, and Hendee, born October 8, 1968.
No children were born to the defendant during her prior two marriages. At the time of their marriage, the plaintiff was 36 years old and the defendant 28. The defendant attended Conrad Academy, George Washington University, Cornell University and received a Bachelor of Science degree in International Studies from American University in Washington, D.C. The plaintiff attended private high school and attended Marlborough College in Marlborough, VT. but did not graduate.
Prior to and since the date of this marriage, the plaintiff was self employed in various businesses until 1986 when he became a stock broker. He continues to be employed as such as his financial affidavit indicates that he makes a net total of $1,099.81 per week. He is also the beneficiary under certain trust funds which generate approximately $15,000 per year in income which he has assigned for his sons' education. Also included in the trust is a home in Fenwick. The expenses associated with the house are borne by the trust. The plaintiff's income from the trust is that remaining after the Fenwick house expenses are paid.
The defendant is presently employed as a medical records manager at the Yale University School of Medicine and nets $282.12 per week.
The defendant has been an alcoholic since age 16 to the present day, although, at the time of the trial, she has successfully managed to free herself from drinking CT Page 8937 and has been steadily employed. However, during the later part of her marriage to the plaintiff she became involved with another man, culminating in a sexual relationship with him.
The plaintiff accepted his wife's alcoholism and was instrumental, along with her parents, in getting her into a rehabilitation program which has so far been successful. Upon her release from her inpatient stay in the rehabilitation center the parties underwent fertility counseling.
Despite the fact that the parties in an attempt to have a child underwent fertility counseling, the defendant made a decision to separate and took certain steps to effectuate same including separate vacations and the renting of a separate apartment for herself. She never moved to the apartment but remained in the parties home in Westbrook when the plaintiff moved out and lived in the house in Fenwick.
The court ascribed fault to the defendant for the failure of the marriage. Her alcoholism, although tolerated by the plaintiff was a substantial factor in the breakdown of the marriage. But her friendship with another man which developed into a sexual relationship coupled with her long history of alcoholism is found by the court to be the cause of the marriage breakdown.
Guided by the standards set forth in General Statutes Sec. 46b-82 the court makes the following orders and awards.
Neither party is awarded periodic alimony. The plaintiff is to pay to the defendant the sum of $25,000 as lump sum alimony payable at $100 per week until fully paid. The plaintiff is to pay $7,000 toward the indebtedness listed by the defendant on her financial affidavit at the rate of $100 per week until fully paid. The plaintiff shall pay $5,000 towards the defendant's counsel fees at the rate of $100 per week until fully paid. The plaintiff may accelerate said payments as circumstances warrant.
The defendant's maiden name, Ann Matheson DeBosque, is restored to her.
The court finds that the parties marriage has CT Page 8938 broken down irretrievably and that the cause of said breakdown was the fault of the defendant.
Accordingly, judgment may enter for the plaintiff on the defendant's cross complaint and judgment may enter for the plaintiff on his complaint dissolving the marriage and incorporating the above orders and awards therein, without costs to either party.
SPALLONE, J. STATE TRIAL REFEREE